435 F.2d 416
 74 L.R.R.M. (BNA) 2632, 140 U.S.App.D.C. 344,
63 Lab.Cas. P 10,991
 INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN AND HELPERS OF AMERICA, Southern
Conference, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, Robertson Tank
Lines, Inc., Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ROBERTSON TANK LINES, INC., Respondent, International
Brotherhood of Teamsters, Chauffeurs, Warehousemen
and Helpers of America, Southern
Conference, Intervenor.
 Nos. 23466, 23576.
 United States Court of Appeals, District of Columbia Circuit.
 Argued May 20, 1970.
Decided June 30, 1970.
 
 Mr. L. N. D. Wells, Jr., Dallas, Tex., for petitioner in No. 23,466 and intervenor in No. 23,576. Mr. Raymond W. Bergan, Washington, D.C., also entered an appearance for petitioner in No. 23,466 and intervenor in No. 23,576.
 Mr. William J. Avrutis, Attorney, National Labor Relations Board, of the bar of the Court of Appeals of Maryland, pro hac vice, by special leave of Court, with whom Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Assistant General Counsel, and Mrs. Abigail Cooley Baskir, Attorney, National Labor Relations Board, were on the brief, for respondent in No. 23,466 and petitioner in No. 23,576.
 Mr. W. D. Deakins, Jr., Houston, Tex., for respondent in No. 23,576 and intervenor in No. 23,466.
 Before LEVENTHAL and ROBINSON, Circuit Judges, and DAVIES,* Judge, U.S. District Court for the District of North Dakota.
 PER CURIAM:
 
 
 1
 In our view there is substantial evidence to support the findings, conclusions and decision of the Examiner, accepted with slight modifications as those of the Board. That decision is reported elsewhere[1] and there is no need to set out the facts and evidence again. The decision embodies a considered effort to assess the credibility and reliability of the testimony of the witnesses offered by the General Counsel. Their testimony was rejected in some aspects but the part given credence sustains the decision and order.
 
 
 2
 As to the 8(a)(3) violations, there is substantial evidence to support both the findings that two discharges (of Houston and Brock) were ascribable to discrimination for union activity and support, and that one discharge (of Walters) was not fairly ascribable to that motive but reflected inefficiency of work and attitude and hence did not violate the Act.
 
 
 3
 We also think the determination of a violation of 8(a)(1) is supported by substantial evidence, dependent on an assessment of credibility. We do not find the testimony relied on by the Examiner and the Board inherently unworthy of credit or incredible. The Company's brief stresses that it was only a foreman, a person very low in the company hierarchy, who was found to have made statements crucial to the conclusion of violation of 8(a)(1), projecting loss of benefits if the union won an election. This obviously does not warrant undercutting the Board's findings and conclusions. A rough and ready point made by a supervisor in overalls, the kind of supervisor who is really more naturally engaged in conversation with the workers, may be far more credible and influential so far as the ordinary worker is concerned than a necessarily more formal, structured and purposeful statement of a high-ranking executive.
 
 
 4
 The Union's petition to review complains of the failure to condemn the Company's no-solicitation rule. That rule may indeed be illegal, but it was not made the subject of the complaint filed by the General Counsel. Nor was the complaint amended at the hearing either expressly, or by fair implication from the conduct of the hearing. The Company was entitled to fair notice of the issues, and of the need for pertinent evidence to be developed for consideration by the Board.
 
 
 5
 The Board's petition for enforcement is granted. The Union's petition for review is denied.
 
 
 6
 So ordered.
 
 
 
 *
 Sitting by designation pursuant to Title 28, U.S.Code, Section 292(c)
 
 
 [1]
 174 NLRB No. 47